IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30986
Summary Calendar

_____


NEWTON VEDALIER,

                          Plaintiff-Appellant-Cross-Appellee,


versus

FALCON DRILLING COMPANY, ET AL.,

                          Defendants,

FALCON DRILLING COMPANY, INCORPORATED;
LIVERPOOL & LONDON STEAMSHIP
MUTUAL PROTECTION & INDEMNITY
ASSOCIATION,

                          Defendants-Appellees-Cross-Appellants.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CV-25
- - - - - - - - - - -
October 1, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Newton Vedalier filed suit against Falcon Drilling Company,

Incorporated and its liability insurer, Liverpool & London

Steamship Mutual Protection & Indemnity Association, pursuant to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Jones Act and general maritime law for injuries he suffered on July 2, 1994, while a member of the crew of the D/B FALCON NO. 9. He also sought maintenance and cure benefits and punitive damages and attorney's fees for Falcon's alleged arbitrary and capricious failure to pay maintenance and cure.

Following a bench trial, the district court held that Vedalier was a Jones Act seaman, that an accident occurred, that Vedalier was injured as a result of the accident, that Falcon was not negligent in instructing Vedalier to clean the ballast tank while the rig was under tow, that the movement of the rig, if any, did not cause the accident, that Falcon properly trained and supervised Vedalier, and that the rig was seaworthy. The district court also found that Falcon was not arbitrary and capricious in its termination and refusal to reinstate maintenance and cure benefits. The district court awarded Vedalier maintenance and cure from October 6, 1995, until maximum medical cure. All parties filed appeals.

Vedalier argues that the district court erred in finding (1) that Falcon was not negligent in requiring him to work in the ballast tank while the rig was under tow, (2) that the movement of the rig was not a contributing cause of his accident, (3) that Falcon properly trained and supervised him, and (4) that Falcon was not arbitrary and capricious in its termination of maintenance and cure benefits.

Falcon argues that the district court erred in holding that the discogram was reliable, that surgery was necessary, and that Vedalier was entitled to maintenance and cure from October 6, 1996, until maximum medical cure.

We have reviewed the record and the briefs on appeal and conclude that no clear error occurred. Accordingly, the judgment of the district court is

AFFIRMED.